UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | C/A No.: 6:02-cr-00948-GRA |
| ) | 7:03-cr-00429-GRA |
| Plaintiff, ) | |
| ) | **ORDER** |
| ) | (Written Opinion) |
| v. ) | |
| ) | |
| Steven Z. Rast, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the Court on the defendant's request for certain documents contained within the defendant's file, as well as a copy of the closed criminal file.[1] Defendant filed the same motion in two separate actions. *See United States of America v. Rast*, No. 6:02-cr-00948-GRA, Entry No. 55; *United States of America v. Rast*, No. 7:03-cr-00429-GRA, Entry No. 81. Since the defendant has submitted the same motion in each action, the Court will rule on both motions in this Order. For the foregoing reasons, the Court DENIES the defendant's motions.

On October 11, 2007, Defendant wrote a letter to the Office of the Clerk of Court directing the Clerk to forward his letter to this Court. Defendant requests that the Court send him a copy of all of the letters he filed with the Court in 2002 and 2003. He also asks the Court to send him a copy of the file from his criminal case.

---

[1] Although defendant's correspondence comes in the form of a letter, this Court construes the filing as a motion.

1

Defendant brings this motion *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The Court will construe Defendant's letter as a Motion for Production of Court Documents. It is well-settled in this circuit that a prisoner who requests free copies of records in his or her criminal case must show a particularized need for such records. *See Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150, 152-53 & nn. 3-4 (4th Cir. 1972) (reversing the district court's order directing a state official to produce the petitioner's record of his criminal conviction to the petitioner at no cost). "[T]here is no constitutional requirement that an indigent collaterally attacking a conviction or sentence be supplied with court documents or transcripts at government expense without a showing of a 'particularized need' for the documents." *United States v. Anderson*, No. 2:94-CR-163, 1997 WL 138970 (E.D. Va. March 14, 1997) (citing *United States v. MacCollum*, 426 U.S. 317, 323-30 (1976)).

The defendant has not demonstrated a particularized need for the documents he requests. All that appears is a blanket request for letters and his file. He asserts no particular reason for requiring the letters or the file. Therefore, the defendant is not

entitled to the records at the government's expense.  He may request copies of these documents at his own expense.

IT IS THEREFORE ORDERED that the defendant's Motion for Production of Court Documents is DENIED.

IT IS SO ORDERED.

*signature*

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

November 7, 2007
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Defendant is hereby notified that she has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.